Mark E. Ellis – 127159
Andrew M. Steinheimer – 200524
Grant A. Winter – 266329
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
gwinter@ellislawgrp.com

Attorneys for Defendant VERTICAL FITNESS GROUP, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY VAN PATTEN, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VERTICAL FITNESS GROUP, LLC, a limited liability company;<br><br>    Defendant. | Case No.: 12-CV-1614 LAB MDD<br><br>DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT |

Pursuant to the Federal Rules of Civil Procedure, Defendant Vertical Fitness Group, LLC (hereinafter "Vertical Fitness" or "Defendant") hereby responds to the Complaint for Compensatory, Statutory, and Other Damages, and Injunctive Relief ("Complaint") filed by Plaintiff Bradley Van Patten. Vertical Fitness, by and through its undersigned counsel, denies each and every allegation in the Complaint, unless expressly admitted herein, and in response to the specific allegations of the Complaint, states as follows:

### INTRODUCTION

1.   As to paragraph 1, Vertical Fitness lacks sufficient information or belief to admit or deny why Plaintiff Van Patten brings this class action, and on that basis denies the allegation. Vertical Fitness denies each and every other allegation in the paragraph.

DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

2. As to paragraph 2, Vertical Fitness admits that it owns several fitness clubs in Wisconsin and Minnesota and operates them under the name Xperience Fitness. Vertical Fitness denies each and every other allegation in the paragraph.

3. As to paragraph 3, Vertical Fitness denies each and every allegation therein.

4. As to paragraph 4, Vertical Fitness lacks sufficient information or belief to admit or deny why Plaintiff Van Patten brings this suit, and on that basis denies the allegation that Plaintiff Van Patten has done so to redress any alleged injuries. The remaining statements in this paragraph, which purport to interpret the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and California Business & Professions Code § 17538.41, do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. On that basis Vertical Fitness denies each and every statement and/or allegation in the paragraph.

5. As to Paragraph 5, Vertical Fitness lacks sufficient information or belief to admit or deny whether Plaintiff Van Patten seeks an injunction or why he ostensibly might seek an injunction, and on that basis denies each and every allegation in this paragraph.

## PARTIES

6. As to paragraph 6, Vertical Fitness lacks sufficient information or belief to admit or deny whether Plaintiff Van Patten is an individual residing in San Diego County, California, and on that basis denies the allegation.

7. As to paragraph 7, Vertical Fitness admits that it is a limited liability company. Vertical Fitness admits that it owns and operates fitness clubs in Wisconsin and Minnesota. Vertical Fitness denies each and every other allegation in the paragraph.

## JURISDICTION AND VENUE

8. As to paragraph 8, Vertical Fitness does not, at this time, dispute the Court's subject matter jurisdiction over the causes of action alleged in Plaintiff Van Patten's complaint; Vertical Fitness, however, reserves the right, and expressly does not waive the right, to contest the Court's subject matter jurisdiction in the future.

9. As to paragraph 9, Vertical Fitness denies each and every allegation therein.

**DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

## ADDITIONAL FACTUAL BACKGROUND

10. As to paragraph 10, Vertical Fitness responds that the statements therein do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. On that basis Vertical Fitness denies each and every statement and/or allegation in the paragraph.

11. As to paragraph 11, Vertical Fitness responds that the statements therein do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. On that basis Vertical Fitness denies each and every statement and/or allegation in the paragraph.

12. As to paragraph 12, Vertical Fitness responds that the statements therein do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. On that basis Vertical Fitness denies each and every statement and/or allegation in the paragraph.

13. As to paragraph 13, Vertical Fitness responds that the statements therein do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. On that basis Vertical Fitness denies each and every statement and/or allegation in the paragraph.

14. As to paragraph 14, Vertical Fitness responds that the statements therein do not constitute allegations of fact, are impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. On that basis Vertical Fitness denies each and every statement and/or allegation in the paragraph.

15. As to paragraph 15, Vertical Fitness denies each and every allegation therein.

16. As to paragraph 16, Vertical Fitness denies each and every allegation therein.

17. As to paragraph 17, Vertical Fitness denies each and every allegation therein.

18. As to paragraph 18, Vertical Fitness lacks sufficient information or belief to admit or deny the allegations therein and on that basis denies.

19. As to paragraph 19, Vertical Fitness denies each and every allegation therein.

20. As to paragraph 20, Vertical Fitness denies each and every allegation therein.

DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## CLASS ACTION ALLEGATIONS

21. As to paragraph 21, Vertical Fitness denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in the paragraph.

22. As to paragraph 22, Vertical Fitness denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in the paragraph.

23. As to paragraph 23, Vertical Fitness denies that there is any class as alleged, as no class has been certified in this case, and on that basis denies each and every allegation in the paragraph.

24. As to paragraph 24, Vertical Fitness denies each and every allegation therein.

25. As to paragraph 25, and subparagraphs (a) through (f), Vertical Fitness denies each and every allegation therein.

26. As to paragraph 26, Vertical Fitness denies each and every allegation therein.

27. As to paragraph 27, Vertical Fitness denies each and every allegation therein.

28. As to paragraph 28, Vertical Fitness denies each and every allegation therein.

29. As to paragraph 29, Vertical Fitness denies each and every allegation therein.

30. As to paragraph 30, Vertical Fitness denies each and every allegation therein.

31. As to paragraph 31, Vertical Fitness denies each and every allegation therein.

## COUNT NO. 1

32. As to paragraph 32, Vertical Fitness incorporates by reference all of its foregoing responses to the statements and allegations set forth in the complaint.

33. As to paragraph 33, Vertical Fitness denies each and every allegation therein.

34. As to paragraph 34, Vertical Fitness denies each and every allegation therein.

35. As to paragraph 35, Vertical Fitness denies each and every allegation therein.

36. As to paragraph 36, Vertical Fitness denies each and every allegation therein.

37. As to paragraph 37, Vertical Fitness denies each and every allegation therein.

## COUNT NO. 2

38. As to paragraph 38, Vertical Fitness incorporates by reference all of its foregoing responses to the statements and allegations set forth in the complaint.

39. As to paragraph 39, Vertical Fitness responds that the statements which purport to

1  interpret California Business & Professions Code §17538.41 do not constitute allegations of fact, are
2  impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. Vertical
3  Fitness also denies that it violated any statute. On that basis Vertical Fitness denies each and every
4  statement and/or allegation in the paragraph.

5      40.    As to paragraph 40, Vertical Fitness denies each and every allegation therein.
6      41.    As to paragraph 41, Vertical Fitness denies each and every allegation therein.
7      42.    As to paragraph 42, Vertical Fitness denies each and every allegation therein.
8      43.    As to paragraph 43, Vertical Fitness denies each and every allegation therein.
9      44.    As to paragraph 44, Vertical Fitness lacks sufficient information and belief to admit or
10 deny the allegations therein, and on that basis denies.

## COUNT NO. 3

12     45.    As to paragraph 45, Vertical Fitness incorporates by reference all of its foregoing
13 responses to the statements and allegations set forth in the complaint.
14     46.    As to paragraph 46, Vertical Fitness responds that the statements which purport to
15 interpret California Business & Professions Code §17200 do not constitute allegations of fact, are
16 impermissibly argumentative, and are not susceptible to investigation to ascertain their truth. Vertical
17 Fitness also denies that it violated any statute. On that basis Vertical Fitness denies each and every
18 statement and/or allegation in the paragraph.
19     47.    As to paragraph 47, Vertical Fitness denies each and every allegation therein.
20     48.    As to paragraph 48, Vertical Fitness denies each and every allegation therein.
21     49.    As to paragraph 49, Vertical Fitness denies each and every allegation therein.
22     50.    As to paragraph 50, Vertical Fitness denies each and every allegation therein.
23     51.    As to paragraph 51, Vertical Fitness denies each and every allegation therein.
24     52.    As to paragraph 52, Vertical Fitness denies each and every allegation therein.
25     53.    As to paragraph 53, Vertical Fitness denies each and every allegation therein.
26     54.    As to paragraph 54, Vertical Fitness lacks sufficient information and belief to admit or
27 deny whether Plaintiff Van Patten seeks an order for injunctive relief, and on this basis denies that
28 allegation. Vertical Fitness denies each and every other allegation in the paragraph.

**DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

55.  Plaintiff fails to state any claim, in the whole Complaint, upon which relief can be granted.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Vertical Fitness sets forth the following matters constituting avoidances or affirmative defenses, and alleges the following:

### FIRST AFFIRMATIVE DEFENSE

56.  The Complaint fails to join all necessary and proper parties, or mis-joins certain parties.

### SECOND AFFIRMATIVE DEFENSE

57.  Plaintiff's claims are barred under the doctrine of prior express consent.

### THIRD AFFIRMATIVE DEFENSE

58.  Plaintiff's action is barred by the doctrine of ratification.

### FOURTH AFFIRMATIVE DEFENSE

59.  No act or omission of Defendant was a cause in bringing about the damages alleged by Plaintiff, nor was any such act or omission a contributing cause thereof.

### FIFTH AFFIRMATIVE DEFENSE

60.  Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events, and matters alleged in the Complaint and the damages, if any, incurred by Plaintiff are the direct and proximate result of the risk so assumed.

### SIXTH AFFIRMATIVE DEFENSE

61.  Plaintiff should have taken action to minimize or eliminate any loss, injury, or damage, and Plaintiff is precluded from recovering damage, or Plaintiff's damage should be reduced, by operation of the doctrine of avoidable consequences or mitigation of damages.

### SEVENTH AFFIRMATIVE DEFENSE

62.  Plaintiff's claims are barred because neither Plaintiff nor members of the putative class have suffered the type of harm for which the Telephone Consumer Protection Act was designed to protect.

### EIGHTH AFFIRMATIVE DEFENSE

63.  If Defendant was provided Plaintiff's number, it was intended as a contact point for an

account or membership holder who gave express permission for Defendant to call using that number. Such consensual contact under those circumstances involves Defendants right of commercial free speech and is not actionable by law.

### NINTH AFFIRMATIVE DEFENSE

64. Plaintiff is not entitled to an award of $1,500.00 per call as Defendant lacked the requisite intent, and/or willfulness if Defendant made any call or placed any text message as alleged, although Defendant denies any violation of the statutes alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

65. Defendant denies calling Plaintiff or members of a putative class by the use of an automatic telephone dialing system and/or an artificial or prerecorded voice as those terms are used and defined under the Telephone Consumer Protection Act.

### ELEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are not actionable under the Telephone Consumer Protection Act because Plaintiff and members of the putative class were not charged for calls made by Defendant, which is an element of a prima facie case under the TCPA.

### TWELFTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred because Defendant possessed an established business relationship with Plaintiff and members of the putative class.

### THIRTEENTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are not suitable for class certification because there is no provision of the Telephone Consumer Protection Act which authorizes class actions; and, the TCPA was intended to provide an individual remedy in the small claims courts only, not a basis for class action lawsuits.

### FOURTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are not suitable for class certification because, among other reasons, issues that require separate adjudication predominate over common issues; and, accordingly, the maintenance of a class action would not be superior or otherwise advantageous to the judicial process and litigants.

### FIFTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are not suitable for class certification because, among other reasons, there is no defined community of interest among members the putative class.

### SIXTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are not suitable for class certification because, among other reasons, there is no definitely ascertainable class, the members are not clearly identifiable, and the members of the putative class cannot be located without incurring an exorbitant expenditure of time and money.

### SEVENTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are not suitable for class certification because, among other reasons, Plaintiff is not an adequate representative for the putative class.

### EIGHTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims for class-wide injunctive relief are barred in light of the fact that the members of the general public have an adequate remedy at law.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that he intends to rely upon any other affirmative defenses as may become available and apparent during discovery in this action and reserves the right to amend its Answer to assert any such defenses.

### PRAYER

WHEREFORE, Defendant respectfully requests the following:

1. That this Court dismiss this Complaint and the claims of the Plaintiff and the putative class members, in their entirety, with prejudice;
2. That Plaintiff and the putative class take nothing by reason of the Complaint and that judgment be rendered in favor of Defendant;
3. That Defendant be awarded the costs of suit incurred in defense of this action, including

1 | reasonable attorney's fees; and,

2 | 4. For such other and further relief as the Court deems just and/or proper.

Dated: August 20, 2012

ELLIS LAW GROUP, LLP

By  /s/Mark E. Ellis
Mark E. Ellis
Attorney for Defendant Vertical Fitness Group, LLC.

### DEMAND FOR JURY TRIAL

Defendant Vertical Fitness Group, LLC hereby demands a trial by jury.

Dated: August 20, 2012

ELLIS LAW GROUP, LLP

By  /s/Mark E. Ellis
Mark E. Ellis
Attorney for Defendant Vertical Fitness Group, LLC.

DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

# CERTIFICATE OF SERVICE

I, Sharon Silva, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On August 20, 2012, I served the following document(s) on the parties in the within action:

**DEFENDANT VERTICAL FITNESS GROUP, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | | |
|---|---|---|
| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: | |
| | Alex M. Tomasevic<br>Nicholas and Butler LLP<br>225 Broadway, 19th Floor<br>San Diego, CA 92101<br>Email: atomasevic@nblaw.org | Attorneys for Plaintiff<br>Bradley Van Patten |
| | Craig McKenzie Nicholas<br>Nicholas and Butler<br>225 Broadway, Suite 1900<br>San Diego, CA 92101<br>Email: cnicholas@nblaw.org | Attorneys for Plaintiff<br>Bradley Van Patten |
| | George Rikos<br>Law Offices of George Rikos<br>1307 Stratford Court<br>Del Mar, CA 92014<br>Email: george@georgerikoslaw.com | Attorneys for Plaintiff<br>Bradley Van Patten |
| | Rosa Estela Shelton<br>Rosa Shelton<br>1307 Stratford Ct<br>Del Mar, CA 92104<br>Email: rosa@georgerikoslaw.com | Attorneys for Plaintiff<br>Bradley Van Patten |

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on August 20, 2012.

By: _____
Sharon Silva