# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY VAN PATTEN, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>VERTICAL FITNESS GROUP, LLC a limited liability company,<br><br>　　　　　　　　　　Defendant. | CASE NO. 12cv1614-LAB (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF NO. 19] |

　　　　Plaintiff initiated this lawsuit on behalf of himself and a putative class alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, and California law allegedly by sending Plaintiff and others unsolicited text messages regarding renewing membership in Defendant's fitness center. (ECF No. 1). Based upon the statements provided in the instant motion, it appears that there was a single text message sent to 30,354 former members of the Defendant's fitness centers by a third party contracted by Defendant.

　　　　Before the Court is the joint motion of the parties filed on April 26, 2013, to resolve a discovery dispute. (ECF No. 19). The motion itself is 105 pages and, with exhibits, the entire package is 292 pages. (*Id.*). At issue

are 17 Requests for Production of Documents ("RFPs"), many of which are substantially similar. Defendant objected generally and without specificity prompting a claim by Plaintiff that the responses were "boilerplate."[1] Ironically, Plaintiff appended to the discussion of each disputed RFP a section entitled "Plaintiff's Analysis." Except for identifying bates numbers for documents produced, this 3 page "analysis" is virtually identical for each of the 17 disputed RFPs. Boilerplate, indeed.

The joint motion consists of Plaintiff's motion to compel further responses to RFP's and Defendant's responses. As provided below, Plaintiff's motion to compel is **DENIED.**

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id.* There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine

---

[1] For example, in the first disputed RFP (No. 6), Plaintiff seeks "documents and ESI relating to the length of time Vertical Fitness has been operating fitness centers." Among other things, Defendant objects on the ground that the request may include attorney-client privileged or work-product protected materials. No explanation is provided. That same objection, without explanation, is offered in every one of Defendant's initial objections.

1  relevancy for discovery purposes.  *See Hallett v. Morgan*, 296 F.3d 732, 751
2  (9th Cir. 2002).  Similarly, district courts have broad discretion to limit
3  discovery where the discovery sought is "unreasonably cumulative or
4  duplicative, or can be obtained from some other source that is more
5  convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).
6  Limits also should be imposed where the burden or expense outweighs the
7  likely benefits.  *Id.*

8  A party may request the production of any document within the scope
9  of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the
10  response must either state that inspection and related activities will be
11  permitted as requested or state an objection to the request, including the
12  reasons."  *Id.* at 34(b).  The responding party is responsible for all items in
13  "the responding party's possession, custody, or control."  *Id.* at 34(a)(1).
14  Actual possession, custody or control is not required.  Rather, "[a] party
15  may be ordered to produce a document in the possession of a non-party
16  entity if that party has a legal right to obtain the document or has control
17  over the entity who is in possession of the document.  *Soto v. City of*
18  *Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

19  Prior to certification of a class, some discovery regarding the class
20  may be appropriate.  *See Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d
21  935, 942 (9th Cir. 2009)("Our cases stand for the unremarkable proposition
22  that often the pleadings alone will not resolve the question of class
23  certification and that some discovery will be warranted.").  Discovery likely
24  is warranted where the requested discovery will resolve factual issues
25  necessary for the determination of whether the action may be maintained
26  as a class action. *Kamm v. California City Development Co.,* 509 F.2d 205,
27  210 (9th Cir. 1975).  Plaintiff carries the burden of making either a *prima*
28  *facie* showing that the requirements of Fed.R.Civ.P. 23(a) to maintain a

class action have been met or "that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger,* 767 F.2d 1416, 1424 (9th Cir. 1985).

## Discussion

Each of the disputed RFPs will be addressed below.

1. RFP 6

RFP 6 calls for the production of documents regarding the length of time Defendant has been operating fitness centers. Among other things, Defendant objected on the basis of relevance. Plaintiff has not provided any explanation regarding relevance. The relevance is not obvious. Defendant did produce certain documents based upon an agreement with Plaintiff narrowing the scope of the request. Plaintiff has not presented any basis for the Court to find the response inadequate. Defendant need not respond further except as may be required under Fed.R.Civ.P. 26(e).

2. RFP 9

RFP 9 calls for the production of documents reflecting the terms of membership by consumers. That request was narrowed by agreement to the former members who received the text message forming the basis of this suit. Defendant produced and has agreed to produce all of its membership templates. It objects to producing the actual membership agreements for the 30,354 former members who may have received the text message as premature and unduly burdensome at this stage. Plaintiff has not presented any evidence that it has a *prima facie* case for class certification under Fed.R.Civ.P. 23(a) nor that this evidence is likely to produce substantiation of the class allegations, as required under *Mantolete*. Defendant need not respond further at this time.

3. RFP 10

RFP 10 calls for the production of all correspondence between

1  Defendant and third parties which distribute advertisements on
2  Defendant's behalf. Defendant has objected for overbreadth. This RFP is
3  overbroad. The Court will not rewrite it. Defendant has produced its
4  contract with the third party that sent the text messages and has agreed
5  to produce correspondence and billings related to the text message blast.
6  This is sufficient. Defendant need not respond further.

      4.    RFP 12

RFP 12 calls for the production of all documents supporting Defendant's contention that Defendant is not liable to Plaintiff or the class. Defendant has objected generally that this class-related discovery is unwarranted at this stage. Defendant has produced the membership contract between it and Plaintiff and has provided membership templates used for other former members who may have received the text message blast. The Court agrees that this contention RFP is inappropriate and finds that Defendant's responses are sufficient. It encroaches upon the pretrial disclosure obligations provided under Fed.R.Civ.P. 16 and, as discussed above, calls for the production of class-related discovery without the required showings under *Mantolete*. Defendant need not respond further at this time.

      5.    RFP 13

RFP 13 calls for the production of documents supporting Defendant's contention that Plaintiff and the class have not suffered damage. Defendant has objected generally that this class-related discovery is unwarranted at this stage. Defendant has produced the membership contract between it and Plaintiff and has provided membership templates used for other former members who may have received the text message blast. The Court agrees that this contention RFP is inappropriate and finds that Defendant's responses are sufficient. It encroaches upon the pretrial

disclosure obligations provided under Fed.R.Civ.P. 16 and, as discussed above, calls for the production of class-related discovery without the required showings under *Mantolete*. Defendant need not respond further at this time.

6.   RFP 15

RFP 15 calls for the production of documents regarding marketing efforts involving sending text messages from January 1, 2008. Defendant has objected for overbreadth and relevance. According to Defendant, the request was narrowed during the meet and confer process to the contract, correspondence, bills and payments related to the text message blast that is the subject of this lawsuit. Those documents, according to Defendant have been produced. No further response is required.

7.   RFP 16

RFP 16 calls upon Defendant to produce documents identifying the persons who received marketing text messages from Defendant from January 1, 2008 to the present. Defendant objects on the grounds that this is unwarranted class discovery in the absence of class certification. Plaintiff has not presented any evidence showing that it has a *prima facie* case for class certification under Fed.R.Civ.P. 23(a) nor that this evidence is likely to produce substantiation of the class allegations, as required under *Mantolete*. Defendant need not respond further at this time.

8.   RFP 17

RFP 17 calls for the production of the telephone numbers of persons who received marketing text messages from January 1, 2008 to the present. As provided at RFP 16 above, no further response is required at this time.

9.   RFP 20

RFP 20 calls for the production of documents reflecting the method of choosing recipients of the text message blast. Defendants have objected on

grounds of relevance, among other things. Plaintiff has proffered no showing of relevance. This case involves whether Plaintiff received an unsolicited commercial text message and whether Defendant has evidence that he consented to receiving such messages. The manner in which Plaintiff was selected to receive a text message is not relevant. No response is required.

10.   RFP 21

RFP 21 calls for the production of documents between Defendant and any third party regarding sending text messages as part of marketing efforts. See RFP 15. No further response is required.

11.   RFP 22

RFP 22 calls for the production of any communications regarding sending text messages as part of marketing efforts. This appears to include any internal communications of Defendant. Defendant has objected for relevance and on other grounds. Plaintiff has proffered no showing of relevance. This case involves whether Plaintiff received an unsolicited commercial text message and whether Defendant has evidence that he consented to receiving such messages. Communications regarding the marketing program generally are not relevant. No further response is required.

12.   RFP 23

RFP 23 calls for the production of documents reflecting consent of persons who received the text message. Defendant objects on the grounds that this is unwarranted class discovery in the absence of class certification. Plaintiff has not presented any evidence showing that it has a *prima facie* case for class certification under Fed.R.Civ.P. 23(a) nor that this evidence is likely to produce substantiation of the class allegations, as required under *Mantolete*. Defendant has produced the membership agreement

1  templates and the entire agreement for Plaintiff.  Defendant need not
2  respond further at this time.

3       13.    RFP 24

4       RFP 24 calls for the production of telephone numbers sent the text
5  message blast.  Defendant objects on the grounds that this is unwarranted
6  class discovery in the absence of class certification.  Plaintiff has not
7  presented any evidence showing that it has a *prima facie* case for class
8  certification under Fed.R.Civ.P. 23(a) nor that this evidence is likely to
9  produce substantiation of the class allegations, as required under
10 *Mantolete*.  Defendant has produced the membership agreement templates
11 and the entire agreement for Plaintiff.  Defendant need not respond further
12 at this time.

13      14.    RFP 25

14      RFP 25 calls for the production of documents reflecting the identities
15 of persons who received the text message blast.  Defendant objects on the
16 grounds that this is unwarranted class discovery in the absence of class
17 certification.  Plaintiff has not presented any evidence showing that it has
18 a *prima facie* case for class certification under Fed.R.Civ.P. 23(a) nor that
19 this evidence is likely to produce substantiation of the class allegations, as
20 required under *Mantolete*.  Defendant has produced the membership
21 agreement templates and the entire agreement for Plaintiff.  Defendant
22 need not respond further at this time.

23      15.    RFP 26

24      RFP 26 calls for the production of documents reflecting the
25 relationship of Defendant to Gold's Gym.  Defendant has produced
26 documents.  Plaintiff has not addressed the adequacy of the documents
27 produced.  Instead, Plaintiff offers the same boilerplate "analysis"
28 submitted in connection with every disputed RFP.  Plaintiff has not

presented any basis for the Court to find the response inadequate. Defendant need not respond further except as may be required under Fed.R.Civ.P. 26(e).

16.  RFP 27

RFP 27 calls for the production of documents regarding Defendant's storage of electronic information. Defendant has objected for relevance, overbreadth and burden. Plaintiff responds with its standard "analysis" and adds that the RFP is directed in discovering how Defendant stores its information and in what mediums Plaintiff can expect disclosure. First, this issue should have been addressed during the parties' Rule 26(f) conference. And, in the absence of any real dispute regarding the manner of production of electronically stored information, this RFP lacks relevance. No response is required.

17.  RFP 29

RFP 29 calls for the production of documents reflecting contracts between Defendant and Gold's Gym. Defendant has produced documents. Plaintiff has not addressed the adequacy of the documents produced. Instead, Plaintiff offers the same boilerplate "analysis" submitted in connection with every disputed RFP. Plaintiff has not presented any basis for the Court to find the response inadequate. Defendant need not respond further except as may be required under Fed.R.Civ.P. 26(e).

## Conclusion

For the foregoing reasons, Plaintiff's motion to compel further responses to requests for production is **DENIED.**

IT IS SO ORDERED.

DATED: May 7, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge