1 **THE LAW OFFICES OF GEORGE RIKOS**
  George Rikos, Esq. (SBN 204864)
2 225 Broadway, 21st Floor
  San Diego, CA 92101
3 Telephone:  (858) 259-9826
  Facsimile:   (858) 724-1453
4 Email: george@georgerikoslaw.com

5

  **NICHOLAS & BUTLER, LLP**
6   Craig M. Nicholas (SBN 178444)
    Alex M. Tomasevic (SBN 245598)
7 225 Broadway, 19th Floor
  San Diego, California 92101
8 Telephone:  (619) 325-0492
  Facsimile:   (619) 325-0496
9 Email: cnicholas@nblaw.org
  Email: atomasevic@nblaw.org
10
  Attorneys for Plaintiff Bradley Van Patten
11

12                    **UNITED STATES DISTRICT COURT**

13                   **SOUTHERN DISTRICT OF CALIFORNIA**

14

| BRADLEY VAN PATTEN, an individual, on behalf of himself and all others similarly-situated, | ) ) ) | CASE NO.:  12cv1614-LAB-MDD |
|---|---|---|
| Plaintiff, | ) ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) ) | **<u>FIRST AMENDED COMPLAINT FOR COMPENSATORY, STATUTORY AND OTHER DAMAGES, AND INJUNCTIVE RELIEF</u>** |
| VERTICAL FITNESS GROUP, LLC a limited liability company; ADVECOR, INC., a California Corporation; | ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) _____ ) | |

FIRST AMENDED COMPLAINT

Plaintiff Bradley Van Patten ("Plaintiff") brings this action on behalf of himself and all others similarly-situated against Vertical Fitness Group, LLC, a limited liability company. ("Vertical Fitness")

## INTRODUCTION

1. Plaintiff brings this class action against Defendants to stop them from making unsolicited and auto-dialed "spam" text message calls to cellular phones, and to obtain redress for all persons injured by this illegal conduct.

2. Upon information and belief, Vertical Fitness owns and operates several Xperience Fitness gyms, located in Wisconsin and Minnesota. In an effort to promote its gyms, Vertical Fitness, and its vendor, Advecor, Inc., transmitted unauthorized advertisements in the form of bulk spam text message calls to the cellular telephones of unwilling consumers.

3. By sending these unauthorized text message calls ("wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers – like Mr. Van Patten does - frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class and a California subclass of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. Sections 227, *et seq.* ("47 U.S.C. § 227") and California Business & Professions Code Section 17538.41, which prohibit unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members.


## PARTIES

6. Plaintiff Bradley Van Patten is an individual residing in San Diego County, California.

7. Upon information and belief, defendant Vertical Fitness Group, LLC is a limited liability company with its principle place of business in Appleton, Wisconsin. Vertical Fitness and owns and operates gyms in Wisconsin and Minnesota.

8. Upon information and belief defendant Advecor, Inc., is a California corporation with its principle place of business in San Diego, California. Advecor provides marketing solutions to companies in, for example, fitness and health care industries. Defendant Vertical Fitness contracted with and authorized Advecor to send the text messages at issue in this case.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because this action arises under a law of the United States, namely the Telephone Consumer Protection Act, 47 U.S.C. Sections 227, *et seq.* This Court also has supplemental jurisdiction over the state law claims alleged herein under 28 U.S.C. Section 1367. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10. Venue is proper in this district because one or more Defendants transact business in this District, including by soliciting consumers.

**ADDITIONAL FACTUAL BACKGROUND**

11. In recent years, marketers and salesman, stymied by California and federal laws limiting solicitation by telephone, fax, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is advertising through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14. Many marketers and sellers use auto-dialers, or "robo-callers" to blast out identical commercial SMS or text messages in bulk. Upon information and belief, Defendants here used and continue to use these auto-dialers to send unsolicited commercial spam messages to consumers like plaintiff Bradley Van Patten.

15. Unlike more conventional advertisements, wireless spam costs its recipients money because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan, regardless whether or not the message is authorized. As our own Federal Communications Commission ("FCC") has said: not only are such unsolicited messages "annoying and time-consuming," they "can be intrusive

and costly." (FCC Guide, *Spam: Unwanted Text Messages and Email,* available at http://www.fcc.gov/guides/spam-unwanted-text-messages-and-email [last accessed March 29, 2012].)

16. Vertical Fitness, upon information and belief, in conjunction with Advecor, Inc., and one or more marketing partners, acquired lists of consumer cell phone numbers from various third parties.

17. On information and belief, once Defendants acquired a list of phone numbers from a third-party, it sent tens-of-thousands of spam commercial text message advertisements, en masse, using auto-dialers or robo-callers requiring little or no human intervention. Upon information and belief, Defendants continue to do so today.

18. For instance, in or about May 14, 2012, Defendants and/or their authorized agents, vendors, contractors, or marketing partners, used an automatic telephone dialing system to make spam commercial text message calls to cell phone users, including a text message to plaintiff Bradley Van Patten's cellular telephone.

19. Plaintiff Bradley Van Patten received a second spam text message from Vertical fitness on or about June 25, 2012.

20. The "sender" or "from" field of each transmission cryptically contained only the 5-digit number: 467-67. The messages were not personalized to Mr. Van Patten. The body of each commercial spam message said essentially the same thing:

**May 2012 message**:

"Golds Gym is now Xperience Fitness.

Come back for $9.99/mo, no commitment.

Enter for a chance to win a Nissan Xterra!

Visit myexperiencefitness.com/giveaway"

5
FIRST AMENDED COMPLAINT

> **June 2012 message**:
>
> "Golds Gym is now Xperience Fitness.
>
> Come back today for $9.99/mo, no commitment &
>
> b entered 4 a chance 2 wine a new Nissan Xterra!
>
> Visit tryxperiencefitness.com"

These messages, in identical form, were also sent to over 30,000 of Mr. Van Patten's fellow class members.

21. Defendants also sent a third spam text message, also on June 25, 2013, to tens-of-thousands of additional individuals which stated, in pertinent part:

> "Only One month left to win a new Xterra.
>
> Refer as many friends as possible
>
> for more entries. Visit
>
> myxperiencefitness.com/giveaway today!"

22. On information and belief, Defendants knowingly and willfully sent these commercial spam text messages to mobile phone users that had never provided express consent to receive such text messages.

23. At no time did Plaintiff consent to the receipt of such text message calls from Defendants or their partners.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All persons in the United States and its Territories who received one or more unauthorized text message advertisements by or on behalf of Defendants. Excluded from the Class and Subclass are Defendants and their directors, managers, and employees, and members of those individuals' immediate families.

25. Plaintiff also brings this lawsuit on behalf of himself and the following proposed class or sub-class under California Code of Civil Procedure, Section 382. The proposed Class consists of:

> All persons in the State of California who received one or more unauthorized text message advertisements by or on behalf of Defendants. Excluded from the Class and Subclass are Defendants and their directors, managers, and employees, and members of those individuals' immediate families.

26. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class[1] may be expanded or narrowed by amendment or amended complaint. Specifically excluded from the proposed Class are defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

27. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains tens of thousands of members. The precise number of Class members is unknown to plaintiff. The true number of Class members is known by Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, text message, and by published notice.

---

[1] The "Class" shall refer collectively to both the nationwide and California classes described in the above paragraphs.

28. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) Did the Defendants send wireless text messages?

(b) Did the Defendants obtain prior express consent from recipients before sending them wireless text messages?

(c) Does the wireless spam Defendants distributed violate 47 U.S.C. Section 227?

(d) Does the wireless spam Defendants distributed violate Cal. Bus. & Prof. Code Section 17538.41?

(e) Does the wireless spam Defendants distributed violate the unfair and unlawful prongs of Cal. Bus. & Prof. Code Section 17200?

(f) Are the Class members entitled to statutory and compensatory damages?

(g) Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

(h) Are the Class members entitled to declaratory and injunctive relief?

29. ***Typicality***. Plaintiff's claims are typical of the claims of the members of the Class in that all class members were subject to the same kind of illegal spam text messaging at the hands of Defendants.

30. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

31. *Superiority*. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

32. Unless a Class is certified and a Class-wide injunction is issued, Defendants will continue to commit and wrongly profit from the violations alleged, and the members of the Class and the general public will continue to be injured.

33. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

34. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged here. Plaintiff and the other Class members have all

suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

## **COUNT NO. 1**

**(Violation of 47 U.S.C. § 227, on behalf of the Class against all Defendants)**

35. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth here.

36. Defendants contracted with third parties to acquire lists of phone numbers for the sole purpose of sending commercial spam text messages for its own monetary gain.

37. Defendants then made unsolicited commercial text calls, including the messages copied above, to the wireless telephone numbers of the Class, including to plaintiff Bradley Van Patten. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send tens-of-thousands of text messages simultaneously to wireless phone numbers of consumers without human intervention, and for the purpose of promoting Defendant Vertical Fitness' gyms. Defendants had no other reason for contacting the Class members via text at those times.

38. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

39. Defendants have, therefore, violated 47 U.S.C. Section 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in damages for each violation of such act.

40. Because Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to 47 U.S.C. Section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

## COUNT NO. 2

**(Violation of Cal. Bus. & Prof. Code § 17538.41, on behalf of the California Sub-Class only and against all Defendants)**

41. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth here.

42. California Business & Professions Code Section 17538.41 prohibits a person or entity conducting business in California from transmitting or causing to be transmitted a text message advertisement to a "mobile telephony services handset, pager, or two-way messaging device that is equipped with short message capability or any similar capability allowing the transmission of text messages." For the reasons discussed above, Defendants have violated this statute.

43. Defendants contracted with third parties to acquire lists of phone numbers for the sole purpose of sending commercial spam text messages for their own monetary gain.

44. Defendants then made unsolicited commercial text calls, including the messages copied above, to the wireless telephone numbers of the Class, including to plaintiff Bradley Van Patten.

45. These text calls were made *en masse* and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

46. Plaintiff and tens-of-thousands of his fellow class members did not have an existing relationship with Defendants.

47. Plaintiff, on behalf of himself and all others similarly situated, seeks damages, restitution and an injunction prohibiting Defendants from continuing such practice, and all other relief this Court deems appropriate.

## COUNT NO. 3

**(Unlawful Business Acts and Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq*., on behalf of the California Sub-Class only and against all Defendants)**

48. Plaintiff incorporates by reference all of the foregoing allegations as if fully set forth here.

49. Business & Professions Code Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, Defendants have violated the unlawful and unfair provisions of Business & Professions Code, Section 17200.

50. Defendants have violated Section 17200's prohibition against engaging in "unlawful" acts and practices by, as set forth more fully herein, violating, among other statutes, Business & Professions Code Section 17538.41 and 47 U.S.C. Section 227(b)(1)(A)(iii) – the violations of which automatically constitute violations of the Section 17200 - and by violating the common law.

51. Plaintiff and the Class reserve the right to allege other violations of law which constitute other "unlawful" business acts or practices. Such conduct is ongoing and continues to this date.

52. Defendants' acts, omissions, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code Section 17200 *et seq*. in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Defendants' conduct is also

sufficiently tethered to a violation of law, statute, or constitution, including Business & Professions Code Section 17538.41 and 47 U.S.C. Section 227(b)(1)(A)(iii).

53. As stated in this Complaint, Plaintiff alleges violations of consumer protection and unfair competition laws resulting in harm to consumers. Plaintiff asserts violations of the public policy of engaging in unfair competition and conduct towards consumers.

54. There were reasonably-available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

55. Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair conduct.

56. Defendants have thus engaged in unlawful and unfair business acts, entitling Plaintiff to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.

57. Additionally, Plaintiff seeks an order requiring Defendants to immediately cease such unlawful and unfair business practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bradley Van Patten, on behalf of himself and the Class prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and statutory damages, where appropriate;
3. An award of restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class Members, where appropriate;
4. Treble damages according to statute;
5. An injunction requiring Defendants to cease all wireless spam activities;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff hereby requests trial by jury of all claims that can be so tried.

**LAW OFFICES OF GEORGE RIKOS**

Dated: July 25, 2013          By*:*     */s/ George Rikos*
                                        George Rikos, Esq.
                                        Attorneys for Plaintiff